FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

DEC 2 8 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                    DEPUTY CLERK

| | |
|---|---|
| **CHASE HOME FINANCE LLC** | § |
| **JPMORGAN CHASE BANK, N.A.** | § |
| **J.P. MORGAN CHASE & CO.** | § |
| and **MORTGAGE ELECTRONIC** | § |
| **REGISTRATION SYSTEMS, INC.** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **v.** | § |
| | § |
| **KWI COMMUNICATIONS, LLC D/B/A** | § |
| **KWI HOLDINGS AND D/B/A** | § |
| **KWI LEGAL DEFENSE FUND,** | § |
| **WALTER LEE HALL, JR.,** | § |
| **GINA SANCHEZ and** | § |
| **TWELVE GATES MINISTRIES,** | § |
| | § |
| **Defendants.** | § |

**A07CA1070SS**

**CIVIL ACTION NO. _____**

## PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

NOW COMES Chase Home Finance LLC, JPMorgan Chase Bank, N.A., JP Morgan

Chase & Co. and Mortgage Electronic Registration Systems, Inc., Plaintiffs, and file this, their

Original Complaint and Application for Preliminary Injunction and Permanent Injunction against

KWI Communications, LLC and Walter Lee Hall, Jr. Defendants, and other causes of action

against Defendants KWI Communications, LLC, Walter Lee Hall, Jr., Gina Sanchez and Twelve

Gates Ministries and in support thereof would respectfully show the Court as follows:

# I.
# PARTIES

1.     Plaintiff Chase Home Finance LLC ("CHF") is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. CHF's sole member is Chase Home Finance, Inc., which is a corporation formed under the laws of the State of Delaware with its principal place of business in the State of New Jersey. CHF is a citizen of Delaware or New Jersey, as defined by 28 U.S.C. § 1332.

2.     JPMorgan Chase Bank, N.A. ("Chase Bank") is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S.Ct. 941 (2006).

3.     J.P. Morgan Chase & Co. ("JPMC") is a Delaware Corporation with its principal place of business in New Jersey and is a citizen of Delaware or New Jersey, as defined by 28 U.S.C. § 1332. CHF, Chase Bank and JPMC are sometimes hereafter collectively referred to as "the Chase Parties."

4.     Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principal place of business in the State of Virginia and is a citizen of Delaware or Virginia, as defined by 28 U.S.C. § 1332.

5.     Defendant KWI Communications LLC ("KWI") is a limited liability company organized in the State of Texas with its principal place of business in Texas. KWI is therefore a citizen of Texas, as defined by 28 U.S.C. § 1332. KWI can be served through its registered agent, Walter Lee Hall, Jr. at 19702 Mallard Pond Trail, Pflugerville, TX 78660. KWI also does business under the assumed names of KWI Holdings, KWI Legal Defense Fund, Chase Home Finance LLC,

J.P. Morgan Chase Bank, National Association and Mortgage Electronic Registration Systems, Inc. KWI is also being sued under these assumed names.

6.     Defendant Walter Lee Hall, Jr. ("Hall") is an individual citizen of the State of Texas. Hall may be served at his residence, 19702 Mallard Pond Trail, Pflugerville, TX 78660, or wherever he may be found.

7.     Defendant Gina Sanchez ("Sanchez") is an individual citizen of Texas.  Sanchez may be served at her residence, 19702 Mallard Pond Trail, Pflugerville, TX 78660, or wherever she may be found.

8.     Defendant Twelve Gates Ministries is purportedly a non-profit corporation organized under the laws of the State of Texas with its principal office in Texas.  Twelve Gates Ministries may be served through its registered agent for service, KWI Communications, LLC at 19702 Mallard Pond Trail, Pflugerville, TX 78660.

## II.
## JURISDICTION AND VENUE

9.     The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

10.     The Court also has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiffs are asserting claims for violations of their trademark rights under 15 U.S.C. § 1115(a).

11.     The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.  An actual and substantial controversy exists between the parties.  By this action CHF and MERS seek a declaration that certain real estate filings made by

KWI and/or Hall in the name of CHF, MERS and other entities purporting to impact CHF's security interest and its title in certain real property are invalid and without effect.

12.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a) because it is the district where the Defendants reside, because a substantial part of the events or omissions giving rise to claim occurred in the district and because the property that is the subject of the action is located in the district.

**III.**
**FACTS**

**A.     The Chase Trademarks**

13.     CHF and/or its affiliated entities have engaged in the sale and offering of its services under the registered trademark: CHASE®, Reg. No. 1521765, filed October 16, 1987, and issued January 24, 1989.  This mark has been used in interstate commerce and in Texas continuously since at least as early as 1975.  The registration is in full force and effect and is still in use.

14.     CHF and/or its affiliated entities have engaged in the sale and offering of its services under the registered trademark:  CHASE HOME LOAN DIRECT®, Reg. No. 2480188, filed November 4, 1996, and issued August 21, 2001.  This mark has been used in interstate commerce and in Texas continuously since at least as early as June of 1999.  The registration is in full force and effect and is still in use.

15.     CHF and/or its affiliated entities have engaged in the sale and offering of its services under the registered trademark: CHASE HOME RESOURCES®, Reg. No. 2468905, filed July 16, 1999, and issued July 17, 2001.  This mark has been used in interstate commerce and in Texas continuously since at least as early as August of 1999.  The registration is in full force and effect and is still in use.

16.    CHF and/or its affiliated entities have used the term "Chase National Bank" in commerce since at least as early as 1877.    The trademarks described above are sometimes collectively referred to as "the Chase Marks."

17.    The Chase Parties' services are well known for their high quality and the Chase Marks have been advertised extensively and at great expense.  They have become widely and favorably accepted by the community at large and have enjoyed much commercial success.

18.    As a result of the unique and distinctive nature of the Chase Marks, the services offered thereunder, the advertising associated therewith, and widespread and favorable public acceptance and recognition, the Chase Marks have become famous and strong trademarks and assets of substantial and incalculable value as a symbol of the Chase Parties and are well-known and widely perceived by consumers to identify the quality of services of the Chase Parties, and their favorable goodwill.

19.    The Chase Parties have provided services using the Chase Marks throughout the United States including, but not limited to, Texas.

20.    The Chase Parties have advertised their services under the Chase Marks throughout the United States including, but not limited to, Texas.

21.    Customers identify those services sold by the Chase Parties by their registered trademarks.

22.    Often, the Chase Parties' sales of their services are to repeat customers who purchase the Chase Parties' services because they are satisfied with their prior use of the Chase Parties' services.

23.     The Chase Parties' use of the Chase Marks as trademarks in interstate commerce have been open and notorious.

**B.      The MERS Trademark**

24.     MERS has engaged in the sale and offering of its services under the registered trademark: MERS®, Reg. No. 2084831, registered July 29, 1997 (the "MERS Mark"). This mark has been used in interstate commerce and in Texas continuously since at least as early as 1997. The registration is in full force and effect and is still in use.

25.     MERS has provided services using the MERS Mark throughout the United States including, but not limited to, Texas.

26.     MERS has advertised its services under the MERS Mark throughout the United States including, but not limited to, Texas.

27.     Customers identify those services sold by MERS by its registered trademarks.

28.     Often, MERS' sales of their services are to repeat customers who purchase MERS' services because they are satisfied with their prior use of MERS' services.

29.     MERS' use of the MERS Mark as a trademark in interstate commerce has been open and notorious.

**C.      Defendants' Actions Against The Chase and MERS Trademarks**

30.     In 2007, Hall, as the organizer and registered agent of KWI, began a course of filing assumed names for various well-known lenders, title companies and mortgage servicers. Specifically, KWI filed the following assumed names with the Texas Secretary of State:

      a.      01/25/2007     Land Records of Texas

      b.      02/06/07       Land Records

| | | |
|---|---|---|
| c. | 04/04/07 | Alamo Title |
| d. | 04/04/2007 | Alamo Title Company |
| e. | 06/01/2007 | U.S. Bank National Association |
| f. | 06/01/2007 | First Bank National Association |
| g. | 06/01/2007 | Mortgage Electronic Registration Systems, Inc. |
| h. | 06/25/2007 | HSBC Mortgage Services Inc. |
| i. | 08/05/2007 | Chase Home Finance LLC |
| j. | 08/05/2007 | JPMorgan Chase Bank, National Association |

31.     Hall also filed several of these assumed names in the records for Travis County, Texas.

32.     From the actions taken by Hall subsequent to the filing of these assumed names, it is clear that his intent was to sign documents using these assumed names to create the appearance that the true lender had released its security interest or conveyed title to one of Hall's entities.

### D.     Hall's Relationship to CHF and Relevant Real Estate Filings

33.     On March 26, 2004 Walter Lee Hall, Jr. and Gina Sanchez executed a Deed of Trust to secure payment of a promissory note (the "Note") used to purchase property located at 908 Smoothing Iron Drive, Pflugerville, TX (the "Property"). A Correction Deed of Trust (the "Deed of Trust") was subsequently executed on March 26, 2004. MERS was named the beneficiary under the Deed of Trust.

34.     Subsequent to Hall's execution of the Note and the Deed of Trust, the Note and Deed of Trust were assigned to Chase Manhattan Mortgage Corporation. CHF is successor by merger to

Chase Manhattan Mortgage Corporation. CHF is also the mortgage servicer of the Note and Deed of Trust.

36.    Hall and Sanchez defaulted on the Note and are currently in default of the Note and Deed of Trust. This default triggered certain provisions contained in the Deed of Trust regarding foreclosure.

36.    On May 1, 2006, Hall filed a Chapter 13 Bankruptcy, Cause No. 06/1057-frm, in the United States Bankruptcy Court for the Western District of Texas. That case was dismissed on July 27, 2006 for failure to file the appropriate schedules.

37.    On August 15, 2006, Hall filed a second Chapter 13 Bankruptcy, Cause No. 06/11248-frm. That case was dismissed effective September 30, 2006. On April 23, 2007, the Court entered a Memorandum Opinion referring to Hall as "the poster child for a bad faith debtor" and barring Hall from filing any bankruptcy petition for a period of two years from the date of the Order.

38.    On April 27, 2007, after the bankruptcy stay had been lifted, CHF sent a letter to Hall and Sanchez advising the account was past due and in default. The letter advised of the payment that must be received to cure the default and the date by which the payment must be received. The letter also advised of the potential consequences, including taking actions necessary to accelerate the loan and the initiation of foreclosure proceedings, should he fail to cure the default.

39.    In May 2007, CHF referred the account to foreclosure because it was past due and was in default. On or about June 19, 2007 the law firm of Barrett Burke Wilson Castle Daffin & Frappier, L.L.P ("Barrett Burke"), counsel for CHF, notified Hall and Sanchez by certified mail that CHF accelerated the maturity of the debt and that a foreclosure sale of the Property would commence on August 7, 2007.

40.     While CHF was in the process of providing the notices required to proceed with foreclosure, Hall attempted to cloud the chain of title for the Property. Unknown to CHF, these activities had actually begun the prior year. On September 21, 2006 Hall and Sanchez executed a Warranty Deed purporting to transfer the Property to KWI Holdings, an assumed name of KWI. On October 13, 2006 KWI Holdings transferred the Property to Twelve Gates Ministries, a non-profit entity owned by Hall. On March 5, 2007, a Correction Deed was executed adding restrictions to the transfer to KWI Holdings. Also, on March 5, 2007, a Correction Deed was executed adding conditions to the transfer to Twelve Gates Ministries and also naming KWI Legal Defense Fund and Walter Lee Hall, Jr. as 1% owners of the Property.

41.     On May 2, 2007, Hall filed an Affidavit of Alamo Title Company Supporting Release of Mortgage. Hall signed that Affidavit as a purported officer of Alamo Title Company, presumably based on the assumed name filing referenced in paragraph 30, above.

42.     On May 30, 2007, after it discovered this Affidavit, Alamo Title Company prepared and filed in the real property records an affidavit of its own which reflected that Hall was not an authorized agent for Alamo Title Company.

43.     On June 5, 2007, Hall filed a Release of Lien purporting to release the lien against the Property that is evidenced by the Deed of Trust. Hall signed the Release purportedly as "principal Member & Representative of M.E.R.S.", apparently based on the assumed name filing referenced in paragraph 30, above.

44.     On June 6, 2007, Twelve Gates Ministries, through its authorized agent, Walter Lee Hall, Jr., signed a Warranty Deed purporting to transfer a 1% each interest in the Property to Walter Lee Hall, III, Abigail Marie Hall (Hall's minor children), and a 1/7th of 1% interest to each of Willlie

F. Chaffin, Jeffrey Ward Hall, Cheryl Sharpe, Rita Ayele, Franklin McGee, Brian Gingras and Robert Castaneda, all of whom were Chapter 13 Debtors. The conveyance was conditioned so that the portion of the Property transferred to the Chapter 13 Debtors would revert when the grantee's bankruptcy was dismissed or when any automatic stay in such bankruptcy was lifted. Additionally, the grantor retained the full right to possession and had an absolute and unconditional right to redeem the property interest from the grantees without the payment of any consideration. It is clear that in making this transfer, Hall was seeking to prevent any lender or other party claiming title from being able to litigate regarding the Property.

45. On August 7, 2007, (the day after Hall filed the assumed name certificates for Chase Home Finance LLC and J.P. Morgan Chase Bank, National Association) the Substitute Trustee, conducted a public foreclosure sale of the Property, as memorialized in a substitute trustee's deed of the same date ("Substitute Trustee's Deed"). The Substitute Trustee's Deed transferred the property to CHF, the successful bidder at the foreclosure sale. The Substitute Trustee's Deed was recorded on August 15, 2007.

46. On August 20 2007, Hall filed a Special Warranty Deed executed August 17, 2007 which purported to transfer the Property from CHF to Twelve Gates Ministries (97% interest), KWI Legal Defense Fund (1% interest), KWI Holdings (1% interest) and Walter Lee Hall, Jr. (1% interest). The Special Warranty Deed was signed by Hall as "Principal Member & Representative of Chase Home Finance LLC", apparently based on the assumed name filing referenced in paragraph 30, above.

47. On October 1, 2007, Twelve Gates Ministries executed a Warranty Deed purporting to transfer 1% each interest in the Property to Walter Lee Hall, III, Abigail Marie Hall, and a 1/7th of

1% interest to each of Willie F. Chaffin, Jeffrey Ward Hall, Cheryl Sharpe, Rita Ayele, Franklin

Delano McGee, Brian Gringas and Robert Castaneda with the same conditions discussed in

paragraph 44 in reference to the June 6, 2007 Warranty Deed.

### III.
### CAUSES OF ACTION

**A.    Count 1: Federal Trademark Infringement**

48.    Plaintiffs incorporate by reference the allegations contained in the foregoing

paragraphs as if set forth in full herein.

49.    The assumed names "Chase Home Finance LLC", "J.P. Morgan Chase Bank,

National Association" and "Mortgage Electronic Registration Systems, Inc." adopted by Hall for his

entity KWI are so similar to the Chase Marks registered by the Chase Parties and the MERS Mark

registered by MERS that they are likely to cause confusion or to cause mistake or to deceive the

consuming public into believing that any of Hall or KWI's goods and services are sponsored by or

related to the Chase Parties' and/or MERS' goods and services.

50.    Upon information and belief, Hall and KWI had actual notice of the Chase Parties'

registered Chase Marks and MERS' registered MERS Mark prior to KWI's adoption and use of the

assumed names "Chase Home Finance LLC", "J.P. Morgan Chase Bank, National Association" and

"Mortgage Electronic Registration Systems, Inc."

51.    Hall and KWI had constructive notice of the Chase Parties' registered Chase Marks

and MERS' registered MERS Mark prior to KWI's adoption and use of the assumed names "Chase

Home Finance LLC", "J.P. Morgan Chase Bank, National Association" and "Mortgage Electronic

Registration Systems, Inc."

52.    KWI's adoption and use of the assumed names "Chase Home Finance LLC", "J.P. Morgan Chase Bank, National Association" and "Mortgage Electronic Registration Systems, Inc." has been without permission from any of the Chase Parties or MERS.

53.    Hall and KWI's acts have injured and are likely to continue to injure the business reputation of the Chase Parties and MERS and to dilute the distinctive quality of the Chase Marks and MERS Mark and to damage their good-will.

54.    Hall and KWI's acts have been committed maliciously, willfully, and wantonly to deprive the Chase Parties and MERS of their rights and property and the complained-of acts were done maliciously and willfully and with reckless disregard for the rights of the Chase Parties and MERS, and the Chase Parties and MERS were thereby damaged and continue to be damaged.

55.    Instances of actual confusion by consumers, confusing "Chase Home Finance LLC" with the Chase Marks and "Mortgage Electronic Registration Services, Inc." with the MERS Mark have occurred and are likely to continue to occur unless Hall and KWI's complained-of acts are enjoined by this Court.  Such confusion will result in irreparable injury to the Chase Parties and to MERS.

56.    Unless Hall and KWI's improper acts are enjoined, the Chase Parties and MERS will suffer imminent, incalculable, and irreparable harm with no adequate remedy at law.

57.    Defendant's actions, as described herein, were committed willfully and with reckless disregard for Plaintiffs' rights.  Plaintiffs are entitled to recover exemplary damages in addition to their actual damages.

**B.      Count 2:  Texas Anti-Dilution Act**

58.     Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as if set forth in full herein.

59.     Hall and KWI's acts complained of herein are likely to injure the business reputation of Plaintiffs and or to dilute the distinctive quality of the Chase Marks and the MERS Mark and therefore comprise dilution of the Plaintiffs' registered marks under Texas Business & Commerce Code § 16.29.

60.     Each of the acts and omissions singularly or in combination with others constitute violations of TEXAS BUSINESS & COMMERCE CODE § 16.29, which proximately caused the occurrences made the basis of this action, and Plaintiffs' damages.  As a proximate result of Hall and KWI's conduct set forth herein, Plaintiffs have suffered damages in excess of the minimal jurisdiction limits of this Court and are entitled to recover same, in addition to interest, costs, reasonable attorneys' fees, and exemplary damages.

**C.      Count 3:  Injunctive Relief**

61.     Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs as if set forth in full herein.

62.     Plaintiffs seek a preliminary injunction and a permanent injunction pursuant to Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116 and § 1125(c) and Texas Business & Commerce Code § 16.29.

63.     The only effective remedy for dilution by Hall and KWI is injunctive relief. Plaintiffs have no adequate remedy at law or otherwise for the harm or damage done by Hall and

KWI because Plaintiffs' business will be irreparably damaged and such damage is difficult to determine by the use of a mark that is likely to cause confusion.

64.      Plaintiffs will suffer irreparable harm, damage, and injury unless the acts and conduct of Hall and KWI complained of above is enjoined because the use by Hall and KWI of the name "Chase Home Finance LLC", "J.P. Morgan Chase Bank, National Association" and "Mortgage Electronic Registration Systems, Inc." is likely to cause confusion and will cause a loss of revenue, loss of profits, diminished marketing and advertising, loss of reputation, and trademark dilution.

65.      It is essential that Hall and KWI, and any of Hall's other entities be restrained from doing and performing the above described acts, because if they are allowed to use the name "Chase Home Finance LLC", "J.P. Morgan Chase Bank, National Association" or "Mortgage Electronic Registration Systems, Inc." Plaintiffs will suffer a financial loss to their business which is difficult to determine and which may not be regained.

**D.      Count 4:  Breach of Contract**

66.      CHF incorporates herein by reference all pertinent facts contained in the preceding paragraphs.

67.      CHF and Defendants Hall and Sanchez were parties to the Deed of Trust.  CHF has performed all of its obligations under the Deed of Trust, and all conditions precedent under the Deed of Trust concerning CHF have been performed or have occurred.

68.      Defendants Hall and Sanchez breached the Deed of Trust in not delivering possession of the Property following CHF's foreclosure sale.  Moreover, due to Hall and Sanchez's failure to

surrender possession of the Property Defendants Hall and Sanchez, or whoever the current occupants of the Property are, remain tenants at sufferance under the Deed of Trust.

69.     Hall and Sanchez have failed to pay for their use and enjoyment of the Property. CHF is entitled to actual damages sustained as a result of these Defendants' breach of the Deed of Trust, including, but not limited to damages to the Property and the reasonable rental value of the Property.

### E.     Count 5:  Unjust Enrichment

70.     CHF incorporates herein by reference all pertinent facts contained in the preceding paragraphs.

71.     Defendants Hall and Sanchez have enjoyed the possession and use of the Property unlawfully, and in direct interference with the rights of CHF.

72.     Defendants Hall and Sanchez have been unjustly enriched by their unlawful conduct, and have received benefits rightfully belonging to CHF.

73.     Plaintiff is entitled to recover from Defendants Hall and Sanchez all benefits unjustly received, including but not limited to the reasonable value of the use and possession of the Property.

### F.     Count 6:  Statutory Fraud

74.     CHF and MERS incorporate herein by reference all pertinent facts contained in the preceding paragraphs.

75.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 12.001, *et seq.*, Hall and/or KWI are liable to CHF and MERS for their use of fraudulent liens or claims filed against the Property. Hall and/or KWI made, presented, or used numerous documents or records with: (1) knowledge that the documents or other records were fraudulent liens or claims against real property or an interest in real property; (2) intent that the documents or other records be given the same legal effect as a court

record or document of a court record created by or established under the constitution or laws of the State of Texas or the United States, evidencing a valid lien or claim against real property or an interest in real property, and; (3) intent to cause CHF and MERS financial injury.

76.     Pursuant to Tex. Civ. Prac. & Rem. Code § 12.002(b), CHF and MERS are entitled to recover from Hall and KWI the greater of $10,000.00 or the actual damages caused by each of Hall and KWI's violations of Tex. Civ. Prac. & Rem. Code § 12.001, *et seq.*, as well as court costs, reasonable attorney's fees, and exemplary damages in an amount to be determined by the court.

G.     **Count 7:  Trespass to Real Property**

77.     CHF incorporates herein by reference all pertinent facts contained in the preceding paragraphs.

78.     By virtue of the Deed of Trust and the Substitute Trustee's Deed, CHF is entitled to immediate possession of the Property at the time of the filing of this suit.

79.     CHF has fee simple legal title to the Property by virtue of the Substitute Trustee's Deed.

80.     CHF is seeking recovery of its interest in the Property by pursuing both clearance of cloud on title and immediate possession from all defendants by virtue of this suit.

81.     The June 5, 2007 Release of Lien, August 20, 2007 Special Warranty Deed and October 2, 2007 Warranty Deed have created a meritless rival claim to CHF's title and right of possession.

82.     Defendants Hall and Sanchez have entered upon the Property and dispossessed CHF of such property starting on or before the date of the Substitute Trustee's Deed and continue to withhold from CHF the Property as of the filing of this suit.

83.     CHF should also be reimbursed for the rental value of the Property from Defendants Hall and Sanchez for all time CHF has been denied the Property since the date of the Substitute Trustee's Deed.

### H.     Count 8:  Declaratory Judgment

84.     CHF incorporates herein by reference all pertinent facts contained in the preceding paragraphs.

85.     As a result of the actions of Defendants Hall and KWI, CHF has been deprived of its right under its valid Substitute Trustee's Deed where it acquired sole, unencumbered title to the Property.

86.     CHF has a fee simple interest to the Property by virtue of the Substitute Trustee's Deed.  The foreclosure of the Deed of Trust extinguished any interest that may have been held by any grantee of the property prior to the foreclosure sale.

87.     Accordingly, pursuant to 28 U.S.C. §2201, CHF seeks declarations that:

a.     CHF is the sole owner and record title holder of the Property by virtue of the Substitute Trustee's Deed which effectuated a proper and legal transfer of the Property through foreclosure proceedings;

b.     The interest of any person or entity in the Property which was obtained prior to the August 7, 2007 foreclosure sale was extinguished by the foreclosure sale;

c.     The June 5, 2007 Release of Lien was not signed by Mortgage Electronic Registration Systems, Inc., is a forgery and is without effect and is void;

  d.  The Special Warranty Deed signed August 7, 2007 and recorded on August 20, 2007 was not signed by Chase Home Finance LLC, is a forgery and is without effect and is void;

  e.  The Warranty Deed signed October 1, 2007 and recorded October 2, 2007 is without effect and is void because no valid interest in the Property was held by Twelve Gates Ministries on the date the Warranty Deed was signed.

88.  CHF also seeks the attorney's fees incurred by it in prosecuting this declaratory judgment action.

**I.**  **Count 9: Quiet Title**

89.  CHF incorporates herein by reference all pertinent facts contained in the preceding paragraphs.

90.  CHF has a fee simple interest in the Property.

91.  The title to the Property is affected by a claim of various grantees of Hall and his entities by virtue of the Special Warranty Deed signed August 17, 2007 and the Warranty Deed signed October 1, 2007. The claim of each of these grantees are invalid and unenforceable because of forgeries in the chain of title.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Chase Home Finance LLC, JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., and Mortgage Electronic Registration Systems, Inc. respectfully request:

1.  A Final Judgment be entered against Defendants Hall, Sanchez and KWI for damages as set forth herein, including but not limited to actual damages, statutory damages, and exemplary damages and declaring:

a.  CHF is the sole owner and record title holder of the Property by virtue of the Substitute Trustee's Deed which effectuated a proper and legal transfer of the Property through foreclosure proceedings;

b.  The interest of any person or entity in the Property which was obtained prior to the August 7, 2007 foreclosure sale was extinguished by the foreclosure sale;

c.  The June 5, 2007 Release of Lien was not signed by Mortgage Electronic Registration Systems, Inc., is a forgery and is without effect and is void;

d.  The Special Warranty Deed signed August 17, 2007 and recorded on August 20, 2007 was not signed by Chase Home Finance LLC, is a forgery and is without effect and is void;

e.  The Warranty Deed signed October 1, 2007 and recorded October 2, 2007 is without effect and is void because no valid interest in the Property was held by Twelve Gates Ministries on the date the Warranty Deed was signed.

2   The Court issue, upon hearing, a temporary injunction requiring Defendant Hall and KWI to cease using the names "Chase Home Finance LLC," "J.P. Morgan Chase Bank, National Association," "Chase," "MERS", Mortgage Electronic Registration Systems, Inc. and any colorable imitation thereof as assumed names or otherwise and requiring Defendant Hall and KWI to file the appropriate documents with the Texas Secretary of State and any county where such assumed names have been filed to effectuate the abandonment of "Chase Home Finance LLC," "J.P. Morgan Chase Bank, National Association," "Chase," "Mortgage Electronic Registration Systems, Inc." and any colorable imitation thereof as assumed names for KWI or any other entity associated with Hall.

3.  The Court issue, upon hearing, a temporary injunction enjoining Defendant Hall and KWI and those acting in concert with either of them from:

a.  Representing to anyone or committing any acts calculated to cause members of the public to believe that Hall or KWI's goods or services have any

authority, sponsorship, affiliation, or any connection with the Chase Parties, the Chase Parties' services, MERS or MERS' services.

b.  Using, in any manner the marks or names Chase, Chase Home Finance, Chase Home Finance LLC, JPMorgan Chase Bank, N.A., MERS, Mortgage Electronic Registration Systems, Inc., or any other words similar thereto that may cause, or may be likely to cause, confusion, mistake, or deception by the public, alone or in combination with any other word or words.

c.  Continuing Hall and KWI's unlawful acts as complained of herein.

4.  At final hearing, a permanent injunction be granted and a writ of injunction issue

commanding Hall, KWI and their respective agents, servants, employees,

attorneys, or anyone acting in concert with them be permanently enjoined from:

a.  Representing to anyone or committing any acts calculated to cause members of the public to believe that Hall or KWI's goods or services have any authority, sponsorship, affiliation, or any connection with the Chase Parties, the Chase Parties' services, MERS or MERS' services.

b.  Using, in any manner the marks or names Chase, Chase Home Finance, Chase Home Finance LLC, JPMorgan Chase Bank, N.A., MERS, Mortgage Electronic Registration Systems, Inc. or any other words similar thereto that may cause, or may be likely to cause, confusion, mistake, or deception by the public, alone or in combination with any other word or words.

c.  Further re-filing an assumed name certificate reflecting a name that includes Chase or any colorable imitation thereof for any entity related to Hall.

d.  Further re-filing an assumed name certificate reflecting a name that includes MERS or Mortgage Electronic Registration Systems, Inc. or any colorable imitation thereof for any entity related to Hall.

e.  Continuing Hall and KWI's unlawful acts as complained of herein.

5.  that they recover reasonable attorney's fees, cost of court, pre-judgment and post-

judgment interest at the maximum rate permitted by law, and;

6.  that they recover such other and further relief, at law or in equity, to which them

may show themselves justly entitled.

Respectfully submitted,

WM. LANCE LEWIS
Texas Bar No. 12314560
Marcie L. Schout
Texas Bar No. 24027960
**QUILLING, SELANDER, CUMMISKEY
    & LOWNDS, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qsclpc.com
mschout@qsclpc.com

**ATTORNEYS FOR CHASE HOME FINANCE
LLC, JPMORGAN CHASE BANK, N.A.,
J.P. MORGAN CHASE & CO. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.**