IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 APR 25  AM 10: 32
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

CHASE HOME FINANCE LLC; JPMORGAN
CHASE BANK, N.A.; J.P. MORGAN CHASE &
CO.; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
      Plaintiffs,

-vs-               Case No. A-07-CA-1070-SS

KWI COMMUNICATIONS, LLC, d/b/a KWI
Holdings and d/b/a KWI Legal Defense Fund;
WALTER LEE HALL, JR.; GINA SANCHEZ;
and TWELVE GATES MINISTRIES,
      Defendants.

## ORDER

BE IT REMEMBERED on the 24th day of April 2008 the Court reviewed the file in the above-styled cause, specifically the Motion for Summary Judgment [#38] filed by the Plaintiffs and the "Omnibus" Second Supplemental Motion to Dismiss [#39] filed by Defendant Walter Lee Hall. Having reviewed these documents, the responses and replies thereto, the applicable law, and the case file as a whole, the Court now GRANTS the Motion for Summary Judgment and DENIES the Omnibus Motion to Dismiss.[1]

Hall's motion to dismiss challenges the Court's subject matter jurisdiction. His arguments are entirely frivolous; the Court has both diversity jurisdiction under 28 U.S.C § 1332 and

---

[1] Hall has filed a notice of interlocutory appeal regarding this Court's Order granting Plaintiffs' motion for preliminary injunction and this Court's Order denying Hall's motion to vacate the preliminary injunction order. The interlocutory appeal stays further proceedings regarding the preliminary injunction but does not halt the progress of the case in any other respect. *Alice L v. Dusek*, 492 F.3d 563, 564 (5th Cir. Tex. 2007).

jurisdiction pursuant to 28 U.S.C. § 1331 based on the federal questions at issue in the case, in particular Plaintiffs' federal trademark claims.

The record in this case establishes the following facts: Defendants Hall and Sanchez bought property located at 908 Smoothing Iron Drive, Pflugerville, Texas, with a loan from Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS"). The note and deed of trust for the Smoothing Iron property were assigned by MERS to Chase Manhattan Mortgage Corporation. Plaintiff Chase Home Finance LLC ("Chase") is the successor by merger to this entity and now holds the purchase money security interest in the Smoothing Iron Drive property. Chase became the mortgage servicer of the Note and Deed of Trust executed by Hall and Sanchez.

Hall and Sanchez subsequently defaulted on the note. Hall unsuccessfully filed twice for bankruptcy and has since been barred from filing any further bankruptcy petitions for the next two years. After the second bankruptcy stay, Chase attempted to foreclose on the property, but discovered that not only had Hall and Sanchez "transferred" their interests in the property to Twelve Gates Ministries ("Twelve Gates") and KWI Communications, LLC ("KWI"), entities owned by Hall, but Hall had also signed documents purporting to release Plaintiffs MERS and Chase's interests in the property.

Hall and Hall's entity, KWI Communications, LLC ("KWI") had filed assumed names with the state including the assumed names "Alamo Title Company," "JP Morgan Chase Bank," "Mortgage Electronic Registration Systems," and "Chase Home Finance," and had signed documents using these d/b/a identities that purported to transfer MERS and Chase's interests in the Smoothing Iron Drive property to Twelve Gates and KWI. Twelve Gates and KWI subsequently transferred their interest in the property back to Walter Hall and several other individuals (apparently not including Sanchez).

Plaintiffs seek an injunction prohibiting Hall, KWI, and any of Hall's other entities from using assumed names associated with any of the Plaintiffs. Additionally, Plaintiffs Chase and MERS seek damages for statutory fraud, and Plaintiff Chase seeks a declaratory judgment that it owns 100% of the Smoothing Iron Drive property in fee simple because of Defendants' default on the loan.

Hall is the only Defendant who has filed any pleadings in this case. His pleadings uniformly purport to represent his codefendants, Sanchez, KWI, and Twelve Gates Ministries. This Court has warned Hall and the parties on several occasions that Hall is not an attorney, is not allowed to appear on behalf of anyone other than himself, and his pleadings will not be filed or recognized on behalf of any defendant other than himself. The Clerk of this Court made an entry of default against Sanchez, KWI, and Twelve Gates on March 5, 2008. Sanchez made a personal appearance at the contempt hearing held to address Defendants' litigation conduct on April 23, 2008, but KWI and Twelve Gates have entered no appearance in the case notwithstanding the Court's repeated warnings.

The summary judgment record in this case establishes Plaintiffs are entitled to summary judgment against Hall and Sanchez and default judgment against Twelve Gates and KWI granting all the relief they seek. The undisputed record establishes Defendant Hall filed fraudulent real property records using d/b/a assumed names that were intended to be confused with the Plaintiff entities in order to cloud title and negate Plaintiffs' rights under the Deed of Trust he and Defendant Gina Sanchez executed. Hall does not contest this record, but asserts (a) the Court lacks jurisdiction over this case (an argument rejected by the Court's previous Order of April 15, 2008, denying Hall's prior Motion to Dismiss) and (b) the Texas "homestead exemption" applies to void the creditors' claims because Gina Sanchez was not married to him at the time she signed the Deed of Trust with him. This argument misconstrues Texas' homestead rules, contained in Article 16, §50(c) of the

Texas Constitution. The homestead clause says "no mortgage . . . on the homestead shall ever be valid unless it secures a debt described by this section, whether such mortgage . . . shall have been created by the owner alone or together with his or her spouse . . . ." The debts not subject to the homestead exemption include a purchase money security interest. *Id.* Because the Deed of Trust secured a purchase money security interest in the property, it is not subject to a homestead exemption. Whether Sanchez was married to Hall at the time they signed the Deed of Trust is irrelevant.

Accordingly, Plaintiffs are entitled to summary judgment in this case declaring Chase Home Finance, LLC has 100% fee simple title to the property named in the Deed of Trust and declaring the subsequent real property records filed by Hall and/or KWI to be void and without effect. All of the Plaintiffs are further entitled to a permanent injunction prohibiting Hall and KWI from infringing on their registered trademarks.

Pursuant to Texas Civil Practice and Remedies Code § 12.002(b), Plaintiffs Chase and MERS are further entitled to statutory damages, costs, attorney's fees, and exemplary damages resulting from Defendants' statutory fraud. Statutory fraud occurs when a defendant knowingly makes a "fraudulent lien or claim against real or personal property or an interest in real or personal property" with the intent that the document have legal effect and cause another person to suffer financial injury. *Id.* at § 12.002(a). Plaintiffs Chase and MERS have established Defendants Hall and KWI Communications, LLC ("KWI") committed statutory fraud as to each of them by filing records under misleading assumed business names, purporting to release Chase and MERS' interests in the Deed of Trust and the property at issue in this case.

Section 12.002(b) establishes statutory damages of $10,000 for "each injured person" harmed by the Defendants' statutory fraud. Accordingly, Chase and MERS are each entitled to $10,000 from

Defendants Hall and KWI, for a total of $20,000 in statutory damages owed by Hall and KWI. Additionally, Plaintiffs have submitted evidence supporting a claim for $19,005.27 in reasonable attorneys' fees resulting from Defendants' fraudulent conduct. Defendants Hall and KWI, will be fully liable for this reasonable fee amount pursuant to § 12.002(b). Finally, this Court finds exemplary damages in the amount of $20,000, or double the statutory damage amount awarded in the case, are appropriately assessed against Hall and KWI for the brazenly fraudulent conduct at issue here.

## Conclusion

Accordingly,

IT IS ORDERED that the "Omnibus" Second Supplemental Motion to Dismiss [#39] filed by Defendant Walter Lee Hall is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment [#38] filed by the Plaintiffs is GRANTED, and the permanent injunction and declaratory judgment described in the attached final judgment are entered on behalf of the Plaintiffs.

IT IS ORDERED that Plaintiffs Mortgage Electronic Registration Systems, Inc. and Chase Home Finance LLC have judgment against Defendants Walter Lee Hall, Jr. and KWI Communications LLC (d/b/a KWI Holdings and d/b/a KWI Legal Defense Fund) in the amount of $20,000 (TWENTY THOUSAND DOLLARS) in statutory damages, $19,005.27 (NINETEEN THOUSAND FIVE DOLLARS AND TWENTY SEVEN CENTS) in attorney's fees, and $20,000 (TWENTY THOUSAND DOLLARS) in exemplary damages pursuant to Texas Civil Practice and Remedies Code § 12.002(b), and all costs of suit shall be taxed against these two Defendants, Hall and KWI.

IT IS FINALLY ORDERED that all other motions pending in the above-styled cause are DISMISSED as MOOT.

SIGNED this the 24th day of April 2008.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE